## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY SESSION, 2000

FILED

March 9, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | |
| | * | **No. M1999-00302-CCA-R3-CD** |
| **Appellee,** | * | |
| | * | **RUTHERFORD COUNTY** |
| **vs.** | * | |
| | * | **Hon. James K. Clayton, Judge** |
| **LA SOUTHAPHANH,** | * | |
| | * | **(Aggravated burglary and theft** |
| **Appellant.** | * | **over $1000)** |

For the Appellant:

**Gerald L. Melton**
Public Defender

**Russell N. (Rusty) Perkins**
Asst. Public Defender
201 West Main Street, Suite 101
Murfreesboro, TN 37130

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Marvin E. Clements, Jr.**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William Whitesell**
District Attorney General

**John W. Price**
Assistant District Attorney General
Rutherford County Judicial Building
Murfreesboro, TN 37130

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

## OPINION

The appellant, La Southaphanh, appeals his jury convictions for aggravated burglary and theft over $1,000. The trial court imposed, as a Range II offender, a nine year sentence for aggravated burglary and a concurrent seven year sentence for theft. On appeal, the appellant's sole challenge is the sufficiency of the convicting evidence.

Following review, we affirm.

## BACKGROUND

Around 4:30 p.m. on March 28, 1996, Richard Dimmock, a neighbor of James and Lois Hale, observed two young males running from the Hales' residence on Shelley Street in Murfreesboro. Simultaneously, a "dark car" pulled into the driveway driven by another male and picked up the two males. At 5:30 p.m., the Hales returned to their home and found that it had been burglarized. Upon searching their residence, the Hales discovered numerous items missing including a VCR; a telephone/answering machine; two jewelry boxes, including a one carat emerald cut tanzanite stone and numerous items of other jewelry; a .32 Harington Richardson revolver; and various knives. The estimated value of all the items taken was over $4,000.

On that same afternoon around 4:50 p.m., Jonathan Lundquist, manager and part-owner of Toliver's Jewelry and Loan, made a loan on several items of jewelry to three Asian males. Mr. Lundquist only loaned money on a few items but he observed that the individuals were in possession of numerous other items of jewelry.

The items listed on the "pawn ticket" included a men's onyx ring, seven broken chains, miscellaneous earrings, a diamond and white gold cross pendant, white gold diamond earrings, and six charms. The identification and signature provided on the "pawn ticket" was that of the appellant's co-defendant Vilaisack Xayaphoumy. Lundquist particularly noticed the tanzanite stone in the possession of the three men; however, this item was not included in the loan.

A few days later, two of the Asian males returned to the pawn shop. Mr. Lundquist again noticed the tanzanite stone. He recognized the stone because, by coincidence, the Hales had previously brought the stone into the store for setting into a necklace. On this occasion, Mr. Lundquist recorded a description of the vehicle, a white Honda Accord, and took down the license plate number. He then relayed this information to the police.

Through their investigation, the police developed the appellant as a suspect. When the police found the appellant on April 4, he was with a group of people in a white Honda Accord. Officer Tommy Alford of the Murfreesboro Police Department read the appellant his rights and informed him that he was a suspect in the burglary. The appellant waived his *Miranda* rights and confessed to the burglary.

At trial, James and Lois Hale identified the numerous items of jewelry and other items taken from their home which were recovered by the police. Mr. Lundquist identified the appellant as one of the males who entered the pawn shop; he also identified the appellant's co-defendant Xayaphoumy as the individual who provided identification for the loan and signed the receipt. Mr. Lundquist further identified the tanzanite stone as the one seen in the appellant's possession while in the pawn shop. He provided that the stone was readily identifiable from its case, based upon the rarity of tanzanite and the unusual emerald cut and style of the stone.

Vilaisack Xayaphoumy, the co-defendant, testified for the State and admitted his involvement in the burglary of the Hale's residence. He stated that he drove the getaway car, a black, four-door Oldsmobile Cutlass Ciera. He explained that on the day of the burglary, he went to the appellant's apartment with plans to go to Nashville. The appellant, Xayaphoumy, and another individual referred to as Junior, drove into the Hale's neighborhood. The appellant told them that he wanted to see a friend who lived there. However, Xayaphoumy realized that the appellant was planning a burglary. Xayaphoumy dropped the appellant and Junior off at the residence and returned several minutes later to pick them up. He testified that they decided to pawn the items they had stolen and identified some of those items at trial. He further provided that they separated the items from the burglary and divided the proceeds. He admitted to signing the pawn ticket and receiving $150 for the pawned items. Xayaphoumy explained that he used his identification to pawn the items because the appellant did not have a driver's license.

At trial, the appellant denied any involvement in the burglary of the Hales' residence or entering the pawn shop. However, he admitted to receiving money and some of the items brought to him by other individuals. The appellant conceded that he got into the car with Junior and Xayaphoumy; however, he testified they dropped him off in Nashville. Although he admitted confessing to the crime, the appellant testified that he was under the impression that if he admitted the crime, he would be free to leave; otherwise, he felt the officer would "lock him up." The appellant admitted that he owned a white Honda Accord; however, he testified that he has not had it since February of 1996. He also admitted that he had lost his driver's license in May of 1996. At the conclusion of the evidence, the jury returned guilty verdicts for aggravated burglary and theft over $1,000.

**SUFFICIENCY OF THE EVIDENCE**

4

The appellant argues that the evidence is insufficient to support his convictions for aggravated burglary and theft over $1,000. Specifically, the appellant argues that the convictions cannot be sustained because of the: (1) uncorroborated testimony of an accomplice; (2) lack of physical evidence connecting the appellant to the crime; (3) lack of direct testimony connecting the appellant with Xayaphoumy; (4) testimony of Mr. Lundquist was insufficient because the appellant did not pawn any of the items; and (5) lack of proof that the appellant knew the items were stolen.

The relevant question upon a sufficiency review of a criminal conviction, be it in the trial court or an appellate court, is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). See also Tenn. R. App. P. 13(e); Tenn. R. Crim. P. 29(a). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This rule is applicable to findings of guilt based predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990)

It is well established in this State that a felony conviction may not be based solely upon the uncorroborated testimony of an accomplice. State v. Maddox, 957 S.W.2d 547, 554 (Tenn. Crim. App.1997) (citations omitted). To be sufficient the corroborative evidence must itself be inculpatory in nature, i.e, the corroborative evidence must be inconsistent with the innocence of the accused and do more than

5

raise a mere suspicion of guilt. However, the corroboration need not be conclusive. State v. Green, 915 S.W.2d 827, 831 (Tenn. Crim. App. 1995) (citations omitted). The corroboration is sufficient "if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence be slight and entitled, when standing alone, to little consideration." Id. (citations omitted). It is clear from the proof in this case that the appellant's convictions did not rest solely upon the testimony of the accomplice: The pawn shop owner placed the appellant in possession of several items of jewelry and identified him as one of the individuals in the pawn shop around thirty minutes after the burglary and, more importantly, the appellant confessed to the crimes. We find this corroborating evidence substantial. Our focus in a sufficiency review is not upon the facts suggesting innocence or upon the weight of the evidence, but rather whether there is a substantive probative evidence to support the verdict. We conclude that the record contains evidence from which a jury could have found the essential elements of the crimes beyond a reasonable doubt.

For the foregoing reasons, the appellant's judgments of conviction for aggravated burglary and Class D theft are affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
NORMA MCGEE OGLE, Judge